IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE L. McCOY, SR.,  #172-986         *
       Plaintiff,
                                                      *

    v.                                          CIVIL ACTION NO. WDQ-05-480
                                                      *

RICHARD D. ROSENBLATT, et al.,
       Defendant.                        *
                                            ******

**MEMORANDUM**

Now before the Court are several non-dispositive Motions filed by Plaintiff as well as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants Prison Health Services, Inc., Derje Tesfaye, Adel Gashe, Getachen Tefferra, Sedly Yohannes, Abraham Gede Michael, Mary Rolles, and Cynthia Sinclain ("medical Defendants.") No hearing is needed to resolve the pending motions, pursuant to Local Rule 105.6 (D. Md. 2004).

**I.**      **Background**

Plaintiff has a history of medical problems including degenerative disc disease.  In this action, Plaintiff complains that over a period from April, 2002, through February of 2005, Defendants failed to provide prescribed treatments; prescribed medical devises; and recommended follow-up evaluations in violation of his rights under the Eighth Amendment.  Paper No. 1.

**II**      **Non-dispositive Motions**

Plaintiff has filed several Motions to Compel.  Paper Nos. 40, 67 and 68.  Plaintiff seeks to compel the production of the Defendant doctor's licensing information.  Paper Nos. 40 and 68.  He also seeks the production of: all Administrative Remedy Procedure ("ARPs") actions filed by him, or inquiries made on his behalf, concerning his medical care; the "Physician's Desk Reference" manual relied upon by Prison Health Services, Inc., in managing his care; and the contract entered

into between the Maryland Department of Public Safety and Correctional Services ("MDPSCS") and Prison Health Services, Inc. ("PHS") concerning providing medical care to Maryland inmates. Paper No. 67.  Plaintiff states that he has sought this information from Defendants.

Under Local Rule 104.4. (D. Md. 2004), discovery does not begin in a civil action until the Court issues a scheduling order or otherwise orders that discovery proceed, unless the parties agree. On June 3, 2005, a scheduling order was issued as to Defendants William L. Williams, Richard B. Rosenblatt, and Jack J. Chagway (the "state Defendants").   No scheduling order has been entered in this matter as to the medical defendants and the parties have not otherwise agreed to commence discovery.

Pursuant to Fed. R. Civ. Pro 37(a), a party, upon notice to other parties, may apply for an order compelling discovery.  The motion must include a certificate that the movant has "in good faith conferred or attempted to confer with the party" not making the disclosure/discovery in an effort to secure the disclosure/discovery without court action.  *See* Fed. R. Civ. Pro. 37(a)(2). Plaintiff has failed to make the necessary certification regarding any effort to resolve the discovery dispute with the state Defendants.  Even more basic, however, Plaintiff does not provide any information as to how he attempted to gain the information he seeks from the state Defendants other than to say in vague terms that he sought this information from unspecified Defendants.  Plaintiff does not indicate whether he propounded interrogatories or made a request for production of documents to the state Defendants, nor does he indicate when or  to whom such requests were delivered. Moreover, Plaintiff has failed to indicate once his initial efforts to gather information were rebuffed, what, if any further efforts he made to secure the information he seeks.  Accordingly, the Court is without sufficient information to grant Plaintiff's requests to compel discovery and the requests shall be denied without prejudice.

Plaintiff also filed a Motion to Amend wherein he seeks to name additional Defendants, specifically those who took over Plaintiff's health care on July 1, 2005, when a new contract between the Division of Corrections ("DOC") and medical providers took effect. Paper No. 64. The Motion shall be denied. Permitting Plaintiff to amend his Complaint after the filing of dispositive motions in order to add additional Defendants would unduly complicate the instant case. Plaintiff is free to file a new civil right suit naming the health care providers who began providing his care on July 1, 2005, if he believes that his care after that date has been constitutionally deficient.

Plaintiff's Motion for Default Judgment (Paper No. 70) shall also be denied. Plaintiff mistakenly believed that Defendant PHS failed to file a response to his Complaint.

Plaintiff has filed two Motions for Copy Work (Paper Nos. 73 and 80) wherein he states that he did not receive a copy of Defendants' Motion to Dismiss. Accordingly, Plaintiff's Motions shall be granted. He also seeks additional time to respond to the dispositive motion (Paper No. 73), for the reasons that follow that motion shall be denied as moot.

Plaintiff's request for representation has been read, considered, and shall be denied without prejudice. As Plaintiff is aware, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

The Court finds from its review of the Complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Court concludes that Plaintiff's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Plaintiff has also filed a motion requesting that he be brought before the Court to testify. Paper No. 77. In light of the denial of the pending motion to dismiss, the motion shall be denied without prejudice.

**III      Medical Defendants' Dispositive Motion**

This Court may dismiss Plaintiff's Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1989) (*citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)).

> While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss.

*Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). In considering Defendants' Motion to Dismiss, the Court will construe the complaint in the light most favorable to Plaintiff, and will accept its allegations as true. *See Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)). Moreover, pro se complaints are held to a less stringent standard than those drafted by attorneys. Even inartfully pled complaints are sufficient to allow for an opportunity to offer supporting evidence unless it is "beyond doubt" that Plaintiff could prove no set of facts which would entitle him to relief. *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

Medical defendants incorrectly maintain that Plaintiff's Complaint is subject to dismissal because Plaintiff: (a) failed to file a complaint in the Health Claims Dispute Resolution Office as

required under Maryland law for instituting a claim for medical malpractice; and (b) failed to assert an Eighth Amendment violation. This Court disagrees.  The Court construes Plaintiff Complaint, wherein he alleges *inter alia* that "due to deliberate-indifference, gross negligence, and callous-reckless-disregard of 'Md. Dept of Correction' and their private health care provider 'Prison Health Services, Inc.'s reckless disregard for recommended medical-necessities in violation of *Estelle v. Gamble*, 429 U.S. 97 (1976)...." as stating an Eighth Amendment claim based on denial of medical care.  Plaintiff is not required to bring a constitutional claim before the Maryland Health Claims Dispute Resolution Office before proceeding in this Court.  Accordingly, medical Defendants' Motion to Dismiss shall be denied.

It is established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  Dr. Tefferfa's Affidavit states that it is based on his personal examination of Plaintiff, information provided by Plaintiff's treating physicians and information developed after reviewing Plaintiff's medical records. Paper No. 69.  In sum, Dr. Tefferfa states that Plaintiff has received adequate medical care.[2]  The Court observes however, that Dr. Tefferfa does not indicate when he last examined Plaintiff.  The most recent medical exam or medical note referenced in the Affidavit occurred on May 11, 2004, approximately ten months prior to the institution of this case, leaving questions unanswered regarding the adequacy of Plaintiff's medical care during the time period set forth in the Complaint.  Because the Eighth Amendment

---

[2] The Court has not been provided by Defendants with copies of any of Plaintiff's pertinent medical records.

issue in this case cannot be answered based upon the parties' current submissions to the Court, summary judgment cannot be granted at this time.  Medical Defendants therefore shall answer the Complaint within thirty days.

      State Defendants, in violation of this Court's June 3, 2005 Scheduling Order have failed to file either a dispositive motion or a status report with the Court.  State Defendants shall do so within thirty days. A separate Order will be entered in accordance with this Memorandum.

March 7, 2006                                          /s/
Date                                                    William D. Quarles, Jr.
                                                              United States District Judge