**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANKIE L. McCOY, SR., #172-986 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WDQ-05-480 |
| RICHARD B. ROSENBLATT, et al., | * | |
| Defendants | * | |
| | ****** | |

## **MEMORANDUM**

Now before the Court are several non-dispositive Motions filed by Plaintiff as well as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants William L. Williams, Jack J. Chagway, Richard B. Rosenblatt, Walter Wirsching, and Mimose Dazouloute ("State Defendants"). Paper No. 86.

**I.  Background**

Plaintiff has a history of medical problems including degenerative disc disease. In this action, Plaintiff complains that over a period from April 2002, through February of 2005, Defendants failed to provide prescribed treatments; prescribed medical devices; and recommended follow-up evaluations in violation of his rights under the Eighth Amendment. Paper No. 1.

**II  Motions**

Plaintiff has recently advised the Court that he did not receive a copy of the State Defendant's dispositive Motion. Paper No. 105. As such, the Clerk shall be directed to mail Plaintiff a copy of Paper No. 86. Plaintiff shall be granted thirty days to file any opposition to the Motion. The Motion to Dismiss or in the Alternative for Summary Judgment shall be denied without prejudice subject to renewal by Defendants upon receipt of Plaintiff's opposition.

The Court is also in receipt of Defendants Jonessa Milken, Jean L. Byassee, Derje Tesfaye, Adel Gashe, Getachen Teffera, Sedly Yohannes, Abraham Gede Michael, Mary Rolles, Cynthia Sinclain, and Peggy Bonavich ("medical Defendant.") Answer to Plaintiff's Complaint.  Paper No. 83.  Accordingly, the Court shall issue a separate scheduling Order.

Plaintiff has filed a Motion for Immediate Issue (TRO) and Preliminary Injunction wherein he states that correctional Defendants have threatened to remove his legal papers. Paper Nos 84. Plaintiff has followed up this Motion with letters to the Court reiterating that his property was confiscated. Paper Nos. 88, 91, 94, 95 and 98.  Plaintiff states that unspecified legal materials and legal books were removed from his cell along with other items of personal property during the lock down of the Maryland House of Correction.  Plaintiff has also filed a "Motion for Sanctions" and supplement in regard to the confiscation of his unspecified property. Paper Nos. 100 and 101. Plaintiff's Motions regarding his confiscated property shall be denied. In order to obtain injunctive relief under F. R. Civ. P. 65, Plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendants will not be harmed if the requested relief is granted; (iii) the likelihood that plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).

Plaintiff's request for a temporary restraining order is rejected in that his motions do not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted.[1]  Plaintiff has failed to state with any specificity what legal items

---

[1] Inasmuch as Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given.

2

(other than his post conviction transcript) were taken from his cell and how the confiscation of those items have hampered his ability to prosecute this case. Despite the confiscation of his legal materials Plaintiff has filed numerous motions with the Court, oppositions to papers filed by Defendants, memoranda of law, and affidavits. In short, the conditions set out by Plaintiff do not warrant immediate emergency relief.

Plaintiff has also filed a Motion for Writ-Ad Testificandum for Medical Examination (Paper No. 85), which has been opposed by Defendants. Paper No. 90. Plaintiff asks this Court to Order Defendants to have him examined by an independent physician pursuant to Fed. R. Civ. P.35. The Court is also in receipt of Plaintiff's Motion for Discovery Production of Documents wherein he seeks the production of the contract entered into between the Division of Corrections and Prison Health Services, Inc, and a copy of the "Physician's Desk Reference." Paper No. 87.

As Plaintiff is aware, under Local Rule 104.4. (D. Md. 2004), discovery does not begin in a civil action until the Court issues a scheduling order or otherwise orders that discovery proceed, unless the parties agree. On June 3, 2005, a scheduling order was issued as to Defendants William L. Williams, Richard B. Rosenblatt, and Jack J. Chagway (the "State Defendants"). No scheduling order has been entered in this matter as to the medical defendants and the parties have not otherwise agreed to commence discovery.

Moreover, pursuant to Fed. R. Civ. P. 37(a), a party, upon notice to other parties, may apply for an order compelling discovery. The motion must include a certificate that the movant has "in good faith conferred or attempted to confer with the party" not making the disclosure/discovery in an effort to secure the disclosure/discovery without court action. *See* Fed. R. Civ. P. 37(a)(2). As before, Plaintiff has failed to make the necessary certification regarding any effort to resolve the

3

discovery dispute with Defendants. Even more basic, however, Plaintiff does not provide any information as to how he attempted to gain the information he seeks from the State Defendants other than to say in vague terms that he sought this information from unspecified Defendants. Plaintiff does not indicate whether he propounded interrogatories or made a request for production of documents to the State Defendants, nor does he indicate when or to whom such requests were delivered. Moreover, Plaintiff has failed to indicate once his initial efforts to gather information were rebuffed, what, if any further efforts he made to secure the information he seeks. Accordingly, the Court is without sufficient information to grant Plaintiff's requests to compel discovery and a medical examination. The motions shall be denied without prejudice.

Plaintiff has also requested a hearing before the Court so that he could present sworn witnesses in support of his claims. *See* Motion for Hearing, Paper No. 92. He has also moved to proceed to trial and filed a Petition for Coram Nobis,[2] in which he seeks to have a hearing on his claims. Paper Nos. 102 and 106. In light of the denial of the pending dispositive motion, the Motions seeking a hearing/trial shall be denied without prejudice. There is simply no need for a hearing at this juncture of the case.

---

[2]"Coram nobis is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted).

> From the earliest days of the English common law a writ of error coram nobis was recognized as an appeal against a judgment either because some fact rendered it erroneous or because of some error of law apparent on its face. It was used to obtain relief from judicial wrongs for which there was no other remedy. When directed by a reviewing court to the court which tried the case, it was called 'coram vobis' (before you). But when judgment was rendered in the King's or Queen's bench, the writ was styled 'coram nobis' (before us ourselves) because the writ was directed to another branch of the same court.

*Nicks v. United States*, 955 F.2d 161, 166 (2nd Cir. 1992) (citation omitted). The writ of coram nobis has been abolished in most civil actions. *See* Fed. R. Civ. P. 60(b).

4

Lastly, Plaintiff has sought the appointment of counsel. Paper Nos. 93 and 95. The motion shall be denied without prejudice. As Plaintiff is aware, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

The Court finds that Plaintiff remains able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the Court concludes that Plaintiff's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

A separate Order follows.

March 1, 2007                                                     /s/
Date                                                               William D. Quarles, Jr.
                                                                     United States District Judge

---

[3] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.